**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SAMANTHA SIMPSON**, on behalf of herself and others similarly situated, | : |
| | : |
| Plaintiff, | : CASE NO. 2:23-cv-2633 |
| | : |
| v. | : JUDGE |
| | : |
| **ADENA HEALTH SYSTEM D/B/A ADENA MEDICAL CENTER** | : MAGISTRATE JUDGE |
| c/o Craig Babbitt | : JURY DEMAND ENDORSED HEREON |
| 272 Hospital Road | : |
| Chillicothe, OH 45601, | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Samantha Simpson ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendant Adena Health System ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will collectively be referred to herein as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

I.   **JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

II.   **PARTIES**

   A.   **Named Plaintiff**

4. Named Plaintiff Samantha Simpson is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendant from approximately 2005 until April 2023.

6. Named Plaintiff was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed by Defendant as an hourly, non-exempt medical assistant at its health center in Waverly, Ohio. During her employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

7. During Named Plaintiff's employment with Defendant, Defendant required a daily unpaid thirty (30) minute meal break deduction from Named Plaintiff's and other similarly situated employees' hours worked. However, Named Plaintiff and other similarly situated healthcare

employees often were unable to actually take a full, 30-minute meal break or otherwise had their meal breaks interrupted by having to perform work duties. This work time resulted in Named Plaintiff and other similarly situated healthcare employees not being fully and properly paid for all of their hours worked in violation of the FLSA and the Ohio Acts.

8. Named Plaintiff brings this action on behalf of herself and other similarly situated healthcare employees, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

## B. **Defendant**

9. Defendant is a non-profit corporation registered in Ohio and transacts business under the name Adena Medical Center and various other entities.

10. Defendant operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio.

11. Defendant is a network of approximately four (4) hospitals and six (6) regional clinics throughout the State of Ohio.

12. Upon information and belief, Defendant maintains interrelated operations, centralized control of labor relations, common management and common ownership, and financial control over its network.

13. Defendant has registered multiple business entities as part of its enterprise.

14. At all relevant times, Defendant has determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated healthcare employees at Defendant's facilities.

15. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and similarly situated healthcare employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and similarly situated healthcare employees.

16. Defendant suffered or permitted Named Plaintiff and similarly situated healthcare employees to perform work that resulted in missed, interrupted, and/or shortened meal breaks even though they still deducted such time from these employees' hours worked.

17. Upon information and belief, Defendant primarily functions to operate a single group of medical centers.

18. Defendant and its various registered entities form a "single employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and similarly situated healthcare employees because they operate a chain of medical centers with interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

19. Because the work performed by Named Plaintiff and all other similarly situated healthcare employees benefited Defendant and directly or indirectly furthered its interests, Defendant is an employer of Named Plaintiff and other similarly situated healthcare employees under the FLSA's definition of "employer."

20. Defendant has substantial control over Named Plaintiff's and similarly situated healthcare employees' working conditions and over the unlawful policies and practices alleged herein.

21. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment and

calculation of wages, overtime, meal break deductions, and timekeeping.

22. Defendant has gross revenue that exceeds $500,000.00 per year.

23. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated healthcare employees to perform work that resulted in missed, interrupted, and/or shortened meal breaks even though it still deducted such time from their hours worked. The work that Named Plaintiff and other similarly situated healthcare employees performed was primarily for Defendant's benefit.

24. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and the State of Ohio.

## III. FACTS

25. During all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt healthcare employees[1] who are entitled to overtime.

26. Named Plaintiff and other similarly situated healthcare employees worked, or were scheduled to work, more than forty (40) hours in one or more workweek(s).

27. During their employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages because Defendant required a 30-minute meal break deduction from their compensable hours worked even when Named Plaintiff and other similarly situated healthcare employees were unable to take a full, uninterrupted bona fide meal break of thirty (30) minutes.

28. Although Defendant required the deduction of a daily 30-minute meal break, Named Plaintiff and other similarly situated healthcare employees were often unable to take a full,

---

[1] "Healthcare employees" includes, but is not limited to, medical assistants, Registered Nurses ("RN"), Certified Nursing Assistants ("CNAs"), Licensed Practical Nurses ("LPNs"), State Tested Nursing Assistants ("STNAs"), patient care support employees, and other direct care employees.

uninterrupted bona fide meal break of thirty (30) minutes or otherwise took a shortened meal break because their break was interrupted with substantive job duties.

29. Named Plaintiff and other similarly situated healthcare employees were often too busy with patient care and performing substantive work duties to take a full, 30-minute meal break.

30. Defendant did not maintain or implement a legitimate and reasonable policy and/or practice whereby Named Plaintiff and other similarly situated healthcare employees could identify and report occasions when they did not have a bona fide meal break such that they would receive credit (i.e., compensation) for those missed, interrupted, and/or shortened meal breaks.

31. Consequently, a daily 30-minute meal break was deducted from hourly healthcare employees' hours worked regardless of whether Named Plaintiff and other similarly situated healthcare employees actually received a full, uninterrupted 30-minute bona fide meal break.

32. As a result of Defendant's companywide policy and/or practice requiring a 30-minute meal break deduction from its hourly, non-exempt healthcare employees' compensable hours worked for meal breaks that were not taken at all or that were interrupted or shortened by substantive work duties, Defendant has had actual or constructive knowledge that it was not compensating Named Plaintiff and other similarly situated healthcare employees for all hours worked.

33. Named Plaintiff and other similarly situated healthcare employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per week if their hours were not reduced by the meal break deductions. However, they were not paid one-and-one-half times (1.5x) their regular rates of pay for all of hours worked over forty (40) as a result of Defendants' meal break deduction policy.

34. Defendant's failure to compensate Named Plaintiff and other similarly situated

healthcare employees, as set forth above, resulted in unpaid overtime.

35. At all times relevant herein, Named Plaintiff and other similarly situated healthcare employees were employees as defined in the FLSA and the Ohio Acts.

36. During their employment with Defendant, Named Plaintiff and other similarly situated healthcare employees regularly performed overtime work without proper compensation.

37. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated healthcare employees to work more than forty (40) hours per workweek while not compensating them all overtime wages earned as a result of Defendant's companywide policies and/or practices as described herein.

38. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

39. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. Thus, Defendant knew that Named Plaintiff and other similarly situated healthcare employees worked overtime without compensation for all overtime hours worked.

40. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

### IV.  FLSA COLLECTIVE ALLEGATIONS

41. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and all other similarly situated healthcare employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt healthcare employees[2] of Defendant who worked at least forty (40) hours in any workweek that they had a meal break deduction applied, beginning three (3) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

42. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

43. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated healthcare employees and is acting on behalf of their interests as well as her own in bringing this action.

44. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

45. The net effect of Defendant's policies and practices is that Defendant willfully failed to properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus,

---

[2] "Healthcare employees" includes, but is not limited to, medical assistants, Registered Nurses ("RN"), Certified Nursing Assistants ("CNAs"), Licensed Practical Nurses ("LPNs"), State Tested Nursing Assistants ("STNAs"), patient care support employees, and other direct care employees.

Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. RULE 23 CLASS ALLEGATIONS

46. Named Plaintiff brings her Ohio Acts claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt healthcare employees[3] of Defendant who worked at least forty (40) hours in any workweek that they had a meal break deduction applied, beginning two (2) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

47. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours in one or more workweek(s), but they were not correctly paid overtime for all hours worked in excess of forty (40) because of Defendant's policies and/or practices described herein.

48. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

49. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

50. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

51. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

---

[3] "Healthcare employees" includes, but is not limited to, medical assistants, Registered Nurses ("RN"), Certified Nursing Assistants ("CNAs"), Licensed Practical Nurses ("LPNs"), State Tested Nursing Assistants ("STNAs"), patient care support employees, and other direct care employees.

52. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

53. Questions of law and fact are common to the Ohio Rule 23 Class.

54. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

55. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

56. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of Defendant's meal break deduction policies and/or practices described herein; (b) whether Defendant's violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class Members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

58. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

61. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

62. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

63. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s).

64. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime for all hours worked over forty (40) hours in a

workweek because of Defendant's meal break deduction policies and/or practices described herein.

65. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

66. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

67. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members were entitled.

68. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

69. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II:
### O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. This claim is brought under the Ohio Wage Act.

72. Named Plaintiff and the Ohio Rule 23 Members have been employed by Defendant,

and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

73. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

74. Named Plaintiff and the Ohio Rule 23 Members regularly worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid all overtime earned for all hours worked over forty (40) in one or more workweek(s) as described herein.

75. Named Plaintiff and the Ohio Rule 23 Members were not exempt from the wage protections of the Ohio Wage Act.

76. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Members were entitled.

77. For Defendant's violations of the Ohio Wage Act, through which Named Plaintiff and the Ohio Rule 23 Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Members.

**COUNT II:**
**O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION**

78. All of the preceding paragraphs are realleged as if fully rewritten herein.

79. Named Plaintiff and the Ohio Rule 23 Class Members were employed by

Defendant.

80. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

81. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including overtime, in accordance with Section 4113.15(A).

82. By failing to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA, Defendant also violated the OPPA.

83. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

84. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

85. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, as to Counts I and II, Named Plaintiff requests judgment against Defendant and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

C. Finding that Defendant failed to keep accurate records and that, as a result, Named

Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

  D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

  E. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

  F. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

  G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class all such other and further relief the Court deems just and proper;

  H. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

  I. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

              Respectfully submitted,

              **COFFMAN LEGAL, LLC**

              */s/ Matthew J.P. Coffman*
              Matthew J.P. Coffman (0085586)
              Adam C. Gedling (0085256)
              Kelsie N. Hendren (0100041)
              Tristan T. Akers (0102298)
              1550 Old Henderson Rd
              Suite #126
              Columbus, Ohio 43220
              Phone: 614-949-1181

                                Fax: 614-386-9964
                                Email: mcoffman@mcoffmanlegal.com
                                          agedling@mcoffmanlegal.com
                                          khendren@mcoffmanlegal.com
                                          takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

                                */s/ Matthew J.P. Coffman*
                                Matthew J.P. Coffman